**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JESUS HUITRON, MIGUEL ANGEL ZULETA, RUBEN RUAN, and ADOLFO GARCIA, on behalf of themselves and others similarly situated,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Case No. 1:15-cv-1823** |
| **v.** | ) ) | |
| **VPC GREEKTOWN PIZZA, LLC, VPC BELMONT PIZZA, LLC, and VPC PRUDENTIAL PIZZA, LLC** | ) ) ) ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiffs Jesus Huitron, Miguel Angel Zuleta, Ruben Ruan, and Adolfo Garcia complain against Defendants VPC Greektown Pizza, LLC ("Greektown Pizza"), VPC Belmont Pizza, LLC ("Belmont Pizza"), and VPC Prudential Pizza, LLC ("Prudential Pizza") (collectively, "Defendants), alleging claims under the Fair Labor Standards Act and the Illinois Minimum Wage Law.

### Introduction

1. Defendants operate Giordano's pizza franchises located in the City of Chicago. For years, they have classified their pizza delivery drivers as independent contractors, rather than employees, despite exerting significant control over how they perform their work. Defendants engaged in this misclassification scheme in order to avoid paying payroll taxes, unemployment insurance, workers compensation insurance, and statutorily-required wages, knowing full well that their drivers were misclassified.

2.      Plaintiffs seek to recover unpaid minimum and overtime wages they are owed as a result of the Defendants' illegal misclassification scheme.

## Parties

3.      Jesus Huitron worked as a delivery driver for Defendant Prudential Pizza for a few months in 2013.  He worked as a delivery driver for Greektown Pizza from approximately 2004 until 2013.

4.      Miguel Angel Zuleta worked as a delivery driver for Defendant Belmont Pizza from approximately 2012 until 2013.

5.      Adolfo Garcia worked as a delivery driver for Defendant Greektown Pizza from approximately 2004 until 2014.

6.      Ruben Ruan has worked as a delivery driver for Defendant Greektown Pizza from approximately 2004 until the present.

7.      Defendant Greektown Pizza is a Delaware LLC headquartered in Chicago, Illinois. Since 2011, it has operated a Giordano's pizza franchise in the West Loop neighborhood of Chicago. Greektown Pizza is owned by VPC Pizza Operating Corp.

8.      Defendant Prudential Pizza is a Delaware LLC headquartered in Chicago, Illinois. Since 2011, it has operated a Giordano's pizza franchise in the Prudential building in downtown Chicago. Prudential Pizza is owned by VPC Pizza Operating Corp.

9.      Defendant Belmont Pizza is a Delaware LLC headquartered in Chicago, Illinois. Since 2011, it has operated a Giordano's pizza franchise in the Lakeview neighborhood of Chicago. Belmont Pizza is owned by VPC Pizza Operating Corp.

10.      During relevant times, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation

2

or common control) for a common business purpose – namely, operating million-dollar pizza franchises under common ownership.

## Jurisdiction and Venue

11.     Venue is proper in this district because, at all relevant times, Defendants employed Plaintiffs in Cook County and this judicial district.

12.     The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## Facts

13.     Plaintiffs worked for one or more of the Defendants as pizza delivery drivers at various times between 2012 and the present.

14.     Defendants classified Plaintiffs as independent contractors and paid them in cash.

15.     Defendants never paid Plaintiffs the minimum wage for all hours worked.

16.     Defendants never paid Plaintiffs overtime premium pay for hours worked in excess of forty in a workweek.

## Greektown Pizza

17.     During relevant times, Defendant Greektown Pizza paid Plaintiffs Huitron, Garcia, and Ruan only the delivery charge that it collected from each customer, which usually amounted to $2.50 per delivery.

18.     Greektown Pizza never paid Huitron, Garcia, and Ruan an hourly wage separate and apart from the delivery charges.

19.     For the majority of the time between 2012-2013, when Plaintiff Huitron worked for Greektown Pizza, he worked – on average – forty-five to fifty hours per week. During an

average week, Greektown Pizza paid him approximately $250 per week in delivery charges. During an average week, he incurred approximately $100 in expenses, including gasoline, vehicle insurance, and vehicle repairs, related to his deliveries for Greektown Pizza.

20.     From 2012-2014, when Plaintiff Garcia worked for Greektown Pizza, he worked – on average – fifty to sixty hours per week. During an average week, Greektown Pizza paid him approximately $200-250 per week in delivery charges. During an average week, he incurred approximately $100 in expenses, including gasoline, vehicle insurance, and vehicle repairs, related to his deliveries for Greektown Pizza.

21.     From 2012-present, when Plaintiff Ruan worked for Greektown Pizza, he worked – on average – fifty to sixty hours per week. During an average week, Greektown Pizza paid him approximately $350 per week in delivery charges. During an average week, he incurred approximately $150 in expenses, including gasoline, vehicle insurance, and vehicle repairs, related to his deliveries for Greektown Pizza.

22.     Greektown Pizza never paid Huitron, Garcia, or Ruan one-and-a-half times their regular rate for hours worked in excess of forty in a workweek.

**Belmont Pizza**

23.     From 2012 until August 2013, Plaintiff Zuleta worked for Belmont Pizza.  He worked from 11:00 a.m. – 4:00 p.m., two to three days per week.

24.     Belmont Pizza paid Zuleta a flat rate of $35 per day of work.

25.     Plaintiff Zuleta typically incurred approximately $30 in weekly expenses, including gasoline, vehicle insurance, and vehicle repairs, related to his deliveries for Belmont Pizza.

**Prudential Pizza**

26.     In 2013, when Plaintiff Huitron worked for Prudential Pizza, he worked – on average – twenty hours per week. During an average week, Prudential Pizza paid him approximately $50 per week in delivery charges. During an average week, he incurred approximately $25 in expenses, including gasoline, vehicle insurance, and vehicle repairs, related to his deliveries for Prudential Pizza.

**Defendants Controlled How Plaintiffs And Other Drivers Performed Their Jobs.**

27.     Defendants classified all of its delivery drivers, including Plaintiffs, as independent contractors despite exerting significant control over the manner in which they performed their work.

28.     Defendants required all of its delivery drivers, including Plaintiffs, to work a fixed schedule each week. They were disciplined if they arrived late for a shift, and they were prohibited from leaving before their shift ended.

29.     Defendants required all of its delivery drivers, including Plaintiffs, to clock in at the beginning of each shift and clock out at the end of each shift.

30.     Defendants required all of its delivery drivers, including Plaintiffs, to check the contents of each delivery before leaving the store to ensure the delivery included all pizzas ordered by the customer.

31.     Defendants required Plaintiffs and the other drivers to perform odd jobs around the store, including cleaning the delivery area and preparing cheese and red pepper packets for pizza deliveries.

32.     At times, Defendants required Plaintiffs and the other drivers to run errands for the store. They required Plaintiffs and the other drivers to pick up payroll checks from the corporate office or deliver or pick up pizza ingredients from other Giordano's locations.

33.     Defendants determined how much it would pay Plaintiffs and the other drivers for each delivery, and that amount was not negotiable.

34.     During relevant times, if Plaintiffs and the other drivers wished to take time off, then Defendants required Plaintiffs and the other drivers to obtain permission from Defendants' management team before taking that time off work.

35.     Defendants set the amount charged for each delivery, and Plaintiffs and the other drivers could not charge Defendants' customers any different amount for deliveries.

36.     Defendants provided Plaintiffs and the other drivers with many of the tools necessary to perform their jobs, including pizza bags, plates, napkins, pizza boxes, and cheese and pepper packets, while requiring Plaintiffs and the other drivers to provide their own vehicles, gasoline, and vehicle insurance.

**Defendant Greektown Pizza's Failure To Pay Overtime Premium Pay.**

37.     Defendant Greektown Pizza never paid Plaintiffs and the other putative class members one-and-a-half times their regular hourly rate of pay for hours worked in excess of forty in a workweek.

38.     Defendant Greektown Pizza misclassified Plaintiffs and other putative class members as independent contractors even though they retained substantial control over their work.

**Defendants' Failure To Pay The Minimum Wage.**

39.     Defendants never paid their delivery drivers the federal or Illinois minimum wage.

40.     Defendants misclassified Plaintiffs and other putative class members as independent contractors even though they retained substantial control over their work.

41.     Plaintiffs and other putative class members received tips for some of their deliveries, but Defendants never made the disclosures required by 29 C.F.R. § 531.59 because it misclassified Plaintiffs and other putative class members as independent contractors.

## Collective and Class Allegations

42.     Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA minimum wage provisions, as an opt-in representative or collective action on behalf of themselves and an **"FLSA Minimum Wage Class,"** consisting of all delivery drivers who worked for Greektown Pizza, Belmont Pizza, or Prudential Pizza between March 2, 2012 and the present and who were paid a regular rate of less than $7.25 per hour.

43.     Plaintiffs bring the claims set forth in Count II, alleging violations of the FLSA minimum wage provisions, as an opt-in representative or collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all delivery drivers who worked for Greektown Pizza between March 2, 2012 and the present and whose time records show that they worked in excess of forty hours in a workweek.

44.     Plaintiffs bring the claims set forth in Count III, alleging violations of the IMWL minimum wage provisions, as a Rule 23 class action on behalf of themselves and an **"IMWL Minimum Wage Class,"** consisting of all delivery drivers who worked for Greektown Pizza,

Belmont Pizza, or Prudential Pizza between March 2, 2012 and the present and were paid less than $8.25 per hour.

45.     The class defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

46.     The IMWL Minimum Wage Class is so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.  The Class includes at least 40 delivery drivers.

47.     Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

a.     Whether Defendants had a common policy of misclassifying drivers as independent contractors for purposes of the Illinois Minimum Wage Law;

b.     Whether Defendants denied Plaintiffs and the IMWL Minimum Wage Class Members minimum wages due  and owing under the Illinois Minimum Wage Law;

48.     Plaintiffs will fairly and adequately protect the interests of all class members. All plaintiffs are members of the IMWL Minimum Wage Class. Plaintiffs' claims are typical of the claims of all class members. Plaintiffs' interests in obtaining monetary relief for Defendants' violations of the class members' rights are consistent with and are not antagonistic to those of any person within the classes.

49.     Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

50.     A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of

8

similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

51.     The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

### Count I – Fair Labor Standards Act – Minimum Wage Claim

52.     Plaintiffs incorporate all prior allegations as if fully stated herein.

53.     Greektown Pizza employed Huitron, Garcia, and Ruan and other putative class members because it permitted them to deliver its pizzas and exerted substantial control over the manner in which the drivers performed their work.

54.     Belmont Pizza employed Zuleta and other putative class members because it permitted them to deliver its pizzas and exerted substantial control over the manner in which the drivers performed their work.

55.     Prudential Pizza employed Huitron and other putative class members because it permitted them to deliver its pizzas and exerted substantial control over the manner in which the drivers performed their work.

56.     Defendants did not pay Plaintiffs and other putative class members $7.25 per hour for all hours worked in a workweek.

57.     Defendants' FLSA violations were willful.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a.      Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b.      Entering judgment in the amount of all unpaid minimum wages due and owing to Plaintiffs as well as all applicable liquidated damages;

c.      Declaring that Defendants' conduct violated the FLSA;

d.      Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e.      Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.      Awarding such other and further relief as this Court deems appropriate and just.

### Count II – Fair Labor Standards Act – Overtime Claim

58.     Plaintiffs incorporate all prior allegations as if fully stated herein.

59.     Greektown Pizza employed Huitron, Garcia, and Ruan and other putative class members because it permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

60.     Huitron, Garcia, Ruan, and other putative class members regularly worked over forty hours per week for Greektown Pizza.

61.     Greektown Pizza did not pay Huitron, Garcia, Ruan, or other putative class members one-and-a-half times their regular hourly rate for hours worked over forty in a workweek.

62.     Defendants' FLSA violations were willful.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a.      Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b.      Entering judgment in the amount of all unpaid overtime wages due and owing to Plaintiffs as well as all applicable liquidated damages;

c.      Declaring that Defendants' conduct violated the FLSA;

10

d.     Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e.     Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.     Awarding such other and further relief as this Court deems appropriate and just.

### Count III – Illinois Minimum Wage Law – Minimum Wage Claim

63.     Plaintiffs incorporate all prior allegations as if fully stated herein.

64.     Greektown Pizza employed Huitron, Garcia, and Ruan and other putative class members because it permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

65.     Belmont Pizza employed Zuleta and other putative class members because it permitted them to deliver its pizzas and exerted substantial control over the manner in which the drivers performed their work.

66.     Prudential Pizza employed Huitron and other putative class members because it permitted them to deliver its pizzas and exerted substantial control over the manner in which the drivers performed their work.

67.     Defendants did not pay Plaintiffs and other putative class members a regular rate of $8.25 per hour during any workweek.

### PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against Defendants and issue an order:

a.     Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.     Appointing Plaintiffs as representatives of the IMWL Minimum Wage class;

c.     Appointing the undersigned counsel as class counsel;

d.     Declaring that the actions complained of herein violate 820 ILCS 105/4;

e.      Awarding Plaintiffs compensatory damages in an amount be determined at trial;

f.      Awarding Plaintiffs prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

g.      Awarding Plaintiffs unpaid wages due as provided by the IMWL;

h.      Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

i.      Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

j.      Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.


Respectfully submitted,

/s/Christopher J. Wilmes
One of the Attorneys for the Plaintiffs

Matthew J. Piers (Illinois Bar No. 2206161)
Christopher J. Wilmes (Illinois Bar No. 6287688)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100