IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESUS HUITRON, MIGUEL ANGEL ZULETA, RUBEN RUAN, ADOLFO GARCIA, MARK WILSON, ANDRES MOLINA, ALEJANDRO FUERTE, ALFREDO LOPEZ, and BENITO CALBRALES, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> VPC PIZZA OPERATING CORP., VPC GREEKTOWN PIZZA, LLC, VPC BELMONT PIZZA, LLC, VPC JACKSON PIZZA, LLC, VPC PRUDENTIAL PIZZA LLC, AND VPC RUSH STREET PIZZA, LLC, <br><br> Defendants. | Case No. 1:15-cv-1823 <br><br> Judge Virginia M. Kendall <br><br> Magistrate Judge Mary M. Rowland |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Jesus Huitron, Miguel Angel Zuleta, Ruben Ruan, Adolfo Garcia, Mark Wilson, Andres Molina, Alejandro Fuerte, Alfredo Lopez, and Benito Cabrales and Defendants VPC Pizza Operating Corp., VPC Greektown Pizza, LLC, VPC Jackson Pizza, LLC, VPC Prudential Pizza, LLC, and VPC Rush Street Pizza, LLC have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiffs have filed a motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. Pursuant to the Court's November 23, 2015 Order, the Court defines the Settlement Classes as follows:

> All delivery drivers who worked for VPC Belmont Pizza, LLC, VPC Rosemont Pizza, LLC, VPC Greektown Pizza LLC, VPC Jackson Pizza LLC, VPC Mokena Pizza LLC, VPC Orland Park Pizza LLC, VPC Oak Brook Pizza, LLC, VPC Oswego Pizza LLC, VPC Prudential Pizza LLC, VPC Rush Street Pizza LLC, VPC Willowbrook Pizza LLC, VPC Lincoln Square Pizza LLC, VPC Logan Pizza LLC, VPC Glenview Pizza LLC, VPC Bloomingdale Pizza LLC, or VPC Andersonville Pizza LLC between March 2, 2012 and August 26, 2015 and for whom a U.S. Department of Labor settlement check has been or will be distributed.

2. The Court finds that the Settlement Administrator has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice and verifying addresses of Class Members whose notices were returned as undeliverable. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court finds that Defendants have met all the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

5. The Court directs payment to Class Counsel a total sum of $65,000.00, which amounts to 21% of the common fund created by the Settlement Agreement. The Court finds that this award of attorneys' fees, costs, and expenses is less than or equal to the market rate of Plaintiffs' attorneys' services had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than forty days after the entry of this order.

6. The Court directs Defendants to pay Simpluris for the reasonable cost of the work that it has performed and will perform as Settlement Administrator.

7. The Court directs Defendants to deposit a total of $315,000 in the Qualified Settlement Fund created by Simpluris no later than ten days after the entry of this Order.

8. The Court directs Simpluris to issue settlement checks to all Class Members who did not timely opt out of the Settlement. Simpluris shall mail these checks to Class Members no later than forty days after the entry of this Order. The Settlement Amounts awarded to each Class Member are listed in Exhibit A to the Parties' Settlement.

9. The Court hereby dismisses this case with prejudice against all Defendants. All Class Members herein release and forever discharge Defendants and the other Released Parties from claims outlined and described in Section IV.4. of the Settlement Agreement.

ENTERED:

_____
United States District Court

Dated: 2-16-16